JOEL INGRAM ET ALS. v. W. E. JOHNSON ET ALS., BOARD OF COMMIS-
SIONERS OF BUNCOMBE COUNTY.

(Filed 13 December, 1916.)

**Elections—Suffrage—Electors—Special Tax—Constitutional Law.**

> Where the validity of a levy for a special school tax depends upon
> whether certain persons who had voted in favor thereof had paid their
> taxes for the previous year according to the requirements of Article VI,
> secs. 1 and 4, and Article V, sec. 1, of the Constitution, it is *Held*, that
> the constitutional requirements must be met in order that they may exer-
> cise the privilege of voting, though they are permitted to wait until May
> 1st to pay them, if they so choose.

CIVIL ACTION heard upon injunction, November Term, 1915, of BUN-
COMBE, before *Long, J.* The action is brought to restrain defendants
from levying special school tax, upon the ground that the election, held
21 April, 1914, was invalid.

The court finds these facts: "That the seven voters, above referred
to in the agreement of counsel, voted in favor of the tax and were at
the time within the poll-tax age and liable for poll tax, and had not
paid their taxes for the year 1912, that is to say, following it, on 29
April, 1912, which was payable according to Article VI, sec. 4, of the
Constitution, on or before 1 March, 1913; that two of the voters, as
above stated subject to poll tax, voted against said tax who were due
for the poll tax of 1912, and also payable on or before 1 May, 1913."

The judge finds further that if the seven voters were not qualified to
vote it is conceded that the election fails by a vote of 19 to 22, and
thereupon renders the following judgment:

"Upon the foregoing findings of fact, and in view of the provision
contained in the Constitution, Article VI, sec. 1 and sec. 4, and Article
V, sec. 1, the court construes the words, 'Every person presenting
himself for registration, etc., and before he shall be entitled to vote,
he shall have paid, on or before the first day of May of the year in
which he proposes to vote, his poll tax for the previous year,' as mean-
ing what it says, that if he proposes to vote he must pay his poll tax
for the previous year. If there is no election before the first of May
he has the option to wait until the first day of May in which to pay
his poll tax; but if he seeks the privilege of his sovereign right to vote
before the first day of May, and he has not paid his poll tax for the
previous year, as required by the Constitution, then I hold that he
must pay his tax as a condition precedent before he votes. This must
be the intention of the Constitution, otherwise the voter at an election
held in the spring of the year will have some peculiar advantage, or

may evade tax and thus be on a different footing from the voter who votes in November. For this reason the court holds that the election failed and was void and that any levy of tax made under it is also void, and that the injunction heretofore ordered by Judge Webb is made permanent. It is further ordered that the costs be paid by the defendant, to be taxed by the clerk."

From the judgment rendered, defendant the board of commissioners appeal.

*No counsel for plaintiffs.*
*J. W. Haynes for defendant.*

BROWN, J. The interpretation of the Constitution of the State by the learned judge of the Superior Court is, in our opinion, correct and his reasoning conclusive. The judgment is
Affirmed.